Nathan A. Lashin, J.
Plaintiff moves for summary judgment in action on an agreement. Both plaintiff and defendant herein became accommodation indorsers on a certain note. Subsequently there was a default by the maker, a corporation, following which an agreement was executed between the parties herein whereby the plaintiff was to liquidate the balance due on the note conditioned upon the officer’s of the corporation individually executing and delivering to the plaintiff a bond and mortgage for the said balance. Defendant agreed to pay *427 half of the balance due in the event there was a default by the primary obligees. The defendant, in opposing this motion, contends that the plaintiff’s performance in liquidating the balance due on the note was an act which he was legally obliged to do by virtue of his status as an accommodation indorser, and therefore there was no adequate consideration for the agreement.
I concur with the plaintiff that there was no triable issue of fact raised by the papers and therefore this motion can be decided in such a manner as to summarily dispose of this action. It is true that a surety is under a legal duty to pay the creditor. However, the cosurety, the defendant herein, in effect asked the surety to pay and his promise of reimbursement is sufficiently supported by his own legal duty to contribute or indemnify.
The original corporate obligation in which the parties herein were accommodation indorsers was in default and a new agreement, a personal obligation, was executed in the form of a bond and mortgage in which payment of the balance was to be made to the plaintiff who undertook to liquidate the corporate obligation. The agreement, subject of this controversy, was to provide for the default of the personal obligation and for contribution by the defendant in the event of said default. Now this mortgage arrangement was a de novo agreement which operated to secure an additional source of payment by the individuals and also deferred the obligation of the defendant to make indemnification or contribution at that time. The plaintiff relied on the promise of the defendant for contribution in the event of a default in the de novo agreement. Further, even if there were no consideration, the agreement purports to be a modification of an obligation between the parties so as to bring it within the purview of subdivision 2 of section 33 of the Personal Property Law wherein an agreement of this type is stated not to be invalid despite the lack of consideration.
There being no substantial triable issues of fact, the answer of the defendant is stricken and judgment is awarded to plaintiff in an amount to be determined upon inquest and assessment of damages at Trial Term, Part I on February 28,1957, upon payment of the required calendar fee.